891 F.2d 297
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin E. VEIS and Thelma H. Veis, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 88-4323, 88-4324.
 United States Court of Appeals, Ninth Circuit.
 Dec. 8, 1989.
 
 Before ALARCON, O'SCANNLAIN, LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs Marvin E. and Thelma H. Veis ("taxpayers") appeal from the district court's order granting summary judgment for the United States. The taxpayers' complaint sought recovery of an addition to taxpayers' federal income tax for 1983, imposed for failure to make required payments of estimated tax.
 
 
 3
 A grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 Section 6153 of the Internal Revenue Code in effect during 1983 required individuals who receive income from sources other than wages to estimate the tax they expect to owe for the current year and to pay the estimated amounts in four equal installments. 26 U.S.C. § 6153(a) (repealed 1984). Installments were due on April 15th, June 15th, and September 15th of the year for which the tax was owed, and on January 15 of the next year. Id. § 6153(a). Section 6654(a) of the Code imposed an "addition to tax" for an underpayment of these installments. 26 U.S.C. § 6654 (repealed 1984). Section 6654 defined the amount of underpayment as:
 
 
 5
 [T]he excess of (1) the amount of the installment which would be required to be paid if the estimated tax were equal to 80% ... of the tax shown on the return for the taxable year ... over (2) the amount, if any, of the installment paid on or before the last date prescribed for such payment.
 
 
 6
 Id. § 6654(b).
 
 
 7
 In 1982, Congress enacted an amendment to the estimated tax provisions that was effective during 1983. The amendment added this language to section 6153:
 
 
 8
 The amount of the estimated tax takes into account under this section shall be determined under rules similar to the rules of subsections (b) and (d) of section 6654.
 
 
 9
 Id. § 6153(g)(2). As noted above, subsection (b) of section 6654 defines an underpayment of estimated tax as an installment payment that is less than one-fourth of 80 percent of the actual income tax liability for the year.
 
 
 10
 The relevant facts are not in dispute. Taxpayers filed a federal income tax return for 1983 that accurately reflected a tax liability of $709,421.44. They made no installment payments of estimated tax on April 15, June 15, or September 15, 1983. Their only payment of estimated tax was made on December 29, 1983, and was in the amount of $695,000. On audit, the Internal Revenue Service asserted an addition to tax of $25,301.20 for underpayment of estimated tax. The taxpayers paid the penalty, filed an administrative claim for refund that was denied, and then brought this suit.
 
 
 11
 The taxpayers' position is that section 6153 was not self-executing, but required the Secretary of the Treasury to implement "rules." Because there were no "rules" under which they could determine the amount of estimated tax they were required to pay, they contend that the amounts they remitted were sufficient to satisfy the statutory requirements.
 
 
 12
 The district court properly rejected these arguments. Section 6153 by its plain language required that the payment of estimated tax be made in four equal installments. Section 6153(g)(2) provided that the amount of the installment payments was to be calculated in accordance with the method outlined in section 6654. No regulations or rules that might have been adopted would have relieved taxpayers of their obligation to prepay estimated tax. Use of the word "similar" does not exempt taxpayers from paying estimated tax in quarterly installments.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3